JOHN J. CARROLL, PLAINTIFF-APPELLANT, v. CITY OF CAMDEN, A MUNICIPAL CORPORATION, THE HOUSING AUTHORITY OF THE CITY OF CAMDEN, A BODY CORPORATE AND POLITIC, AND THE PLANNING AND HOUSING REDEVELOPMENT BOARD OF THE CITY OF CAMDEN, A MUNICIPAL AGENCY, *ET AL.*, DEFENDANTS-RESPONDENTS.

Argued April 11, 1961—Decided May 8, 1961.

*Mr. Carlton W. Rowand* argued the cause for plaintiff-appellant.

*Mr. Samuel L. Supnick,* Counsel for City of Camden, argued the cause for defendants-respondents.

PER CURIAM. This is a blighted area case. The appeal is taken from a Superior Court judgment dismissing plaintiff's action challenging so much of the determination as declared plaintiff's property to be within the blighted area. While the appeal was pending in the Appellate Division, we certified it.

Although we feel that plaintiff's violations at trial level of the court rules relative to the institution and prosecution of his action were sufficient in themselves to justify the dismissal there, nonetheless, by reason of the public nature of the matter, we will decide the appeal on the merits.

We note the scope of our review as stated by Mr. Justice Francis in *Wilson v. City of Long Branch,* 27 *N. J.* 360, 391 (1958) that: "Ordinarily, judicial review in a case of this kind would not proceed beyond the ascertainment of whether the local governmental action was arbitrary or capricious * * * or corrupt, irrational or baseless * * *."

Plaintiff is the owner of three converted dwelling houses facing Benjamin Franklin Bridge Plaza, and in an area located between North Sixth Street and Grove Street on the north side of Linden Avenue in the City of Camden.

After extensive investigations, hearings were held by defendant, the Planning and Housing Redevelopment Board of the City of Camden. It recommended, by resolution dated April 16, 1959, to the City of Camden a determination that a certain area, within which are included plaintiff's properties, be held to be blighted. Prior to said recommendation, plaintiff filed written objections. Plaintiff appeared in person at all meetings of the Planning Board and the Housing Authority of Camden and objected to the inclusion of his properties in the blighted area. Defendant city thereafter adopted a resolution dated April 23, 1959,

stating that the same area referred to by the Planning Board was blighted.

■ Plaintiff does not contend that there was error in declaring the area blighted. Rather, he contends that defendants erred in including his properties within the blighted area as they do not meet the requirements of any of the provisions of *N. J. S. A.* 40:55-21.1, in that they are not "substandard, unsafe, insanitary, dilapidated, or obsolescent, or possess any of such chacteristics, or are so lacking in light, air, or space, as to be conducive to unwholesome living." Accepting plaintiff's statement that his premises are in good condition, we emphasize that the condition of the whole area is controlling for "the process contemplated by the law cannot be accomplished by means of individual selection of property. It must proceed in terms of redevelopment of areas." *Wilson, supra,* at *p.* 395.

Plaintiff also contends that the defendants were arbitrary, capricious and unreasonable in encompassing his properties within the redevelopment scope. He states that his premises are not within the blighted area but rather are on the fringe and therefore his lands should not be considered essential for the redevelopment of the area.

■ Defendants counter by contending that the record clearly shows that if the area is redeveloped without the inclusion of plaintiff's properties, the area would suffer considerable loss of frontage on the Plaza; that the result would be an odd-shaped area with plaintiff's properties sticking out awkwardly and conspicuously and that the successful development of the area would be adversely affected.

In *Wilson, supra,* we quoted (at *p.* 380) from *Berman v. Parker,* 348 *U. S.* 26, 35–36, 75 *S. Ct.* 98, 99 *L. Ed.* 27, 39 (1954), as follows:

"It is not for the courts to oversee the choice of the boundary line nor to sit in review on the size of a particular project area. Once the question of the public purpose has been decided, the amount and character of land to be taken for the project and the need for a particular tract to complete the integrated plan rests in the discretion of the legislative branch."

On the record before it, the trial court was justified in dismissing plaintiff's action on its merits and in entering a judgment for defendants.

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-MAN—7.

*For reversal*—None.